OPINION
Appellant Steven Smith appeals the decision of the Richland County Court of Common Pleas that found him to be a sexual predator pursuant to R.C. Chapter 2950. The following facts give rise to this appeal.
The appellant is currently incarcerated for two separate rapes that he committed in 1996. The first rape occurred on January 30, 1996[1]. Appellant telephoned the victim, a seventeen-year-old girl, and invited her to his residence. Appellant's mother and his mother's boyfriend picked the victim up, from her residence, and took her to their residence where appellant also resided. After appellant's mother and her boyfriend went to bed, appellant and the victim went downstairs. The victim had originally agreed to go to appellant's residence to do cocaine with him, but appellant had no cocaine at his residence. While downstairs, appellant began making sexual advances toward the victim. Appellant eventually assaulted the victim by punching, choking and poking her eyes with his thumbs. Appellant forcefully removed the victim's clothing and had vaginal intercourse with her.
The second rape occurred on June 30, 1996[2], while appellant was out on bond for the first rape. On this date, appellant met the victim at the Bush Master Clubhouse. In the early morning hours, the victim left the party and began walking home. Appellant caught up to her and took her to a grassy field where he held her down by her hair, poked his thumbs in her eyes, forcefully removed her clothing and had sex with her vaginally, orally and rectally. Appellant subsequently left the field, with the victim, and made her walk down an alley with him by pulling her hair. Appellant took the victim into a garage and the owners of the garage heard noises and discovered appellant and the victim.
On August 7, 1996, the Richland County Grand Jury indicted appellant for two counts of rape and one count of abduction. Appellant entered guilty pleas, on October 25, 1996, to two counts of sexual battery and one count of abduction. The trial court sentenced appellant to two years on each of the three counts, with the sentences to be served consecutively.
On March 8, 2001, the State of Ohio filed a petition for designation of sexual predator status and request for hearing. The trial court conducted the sexual predator hearing on August 25, 2001. At this hearing, appellant requested an independent psychiatric evaluation to determine his likelihood to re-offend. At the conclusion of the hearing, the trial court found appellant to be a sexual predator. The trial court filed a judgment entry on May 1, 2001, in which it designated appellant a sexual predator and overruled appellant's motion for an independent psychiatric evaluation. Appellant timely filed his notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED IN DENYING INDIGENT APPELLANT'S REQUEST FOR PSYCHIATRIC EVALUATION VIOLATING APPELLANT'S DUE PROCESS RIGHT AS GUARANTEED BY THE UNITED STATES AND THE OHIO CONSTITUTION, WHEN THE HEARING FAILED TO COMPORT WITH THE MANDATES OF H.B. 180 WHICH INCLUDES "WITNESS, (SIC) EVIDENCE, AND THE RIGHT TO CROSS EXAMINE THE EVIDENCE AGAINST THE APPELLANT".
 II. THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A SEXUAL PREDATOR AS THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT APPELLANT WAS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES.
 I
Appellant contends, in his First Assignment of Error, that the trial court erred when it denied his request for an independent psychiatric evaluation to determine his likelihood to re-offend. We disagree.
In support of this assignment of error, appellant cites the recent Ohio Supreme Court case, State v. Eppinger (2001), 91 Ohio St.3d 158 . InEppinger, the Court addressed the need for the appointment of an expert witness in a sexual predator classification hearing. The Court held as follows:
 An expert witness shall be provided to an indigent defendant at an R.C. 2950.09(B)(1) sexual offender classification hearing if the court determines, within its sound discretion, that such services are reasonably necessary to determine whether the offender is likely to engage in the future in one or more sexually oriented offenses within the meaning of R.C. 2950.01(E). Id. at syllabus.
Appellant, at the sexual offender classification hearing, orally made a motion for an independent psychiatric evaluation. Tr., Apr. 25, 2001, at 6. The trial court delayed ruling on appellant's motion.
The decision whether or not to appoint an expert is within the discretion of the trial court. State v. Blankenship (1995),102 Ohio App.3d 534, 551. Therefore, we will not reverse the trial court's decision absent an abuse of discretion. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. We find the Eppinger case factually distinguishable from the case subjudice and therefore, the trial court did not abuse its discretion when it denied appellant's request for an independent psychiatric evaluation.
The sexual attack, in Eppinger, involved three rapes, a kidnaping and the felonious assault of a nineteen-year-old girl over a four-hour period of time. Eppinger, supra, at 159. The Ohio Supreme Court found that the trial court abused its discretion when it denied the defendant's request for appointment of an expert because the defendant had been "* * * convicted of only one sexually oriented offense, * * *" and there was an absence of "* * * a history of similar offenses or other indicators."Id. at 163. The Court noted that "[o]ne sexually oriented offense is not a clear predictor of whether that person is likely to engage in the future in one or more sexually oriented offenses, particularly if the offender is not a pedophile." Id. at 162.
Unlike the defendant in Eppinger, there is not an absence of a history of similar offenses or other indicators. In fact, appellant does have a history of similar offenses, which he committed within a six-month period of time. Appellant physically assaulted each victim, removed their clothing, and forcefully raped them. We agree that one sexually oriented offense is not a clear predictor of future conduct, however, in the matter currently before the court, appellant committed more than one sexually oriented offense, which involved two victims, within a six month period of time. Accordingly, we conclude the trial court did not abuse its discretion when it denied appellant's request for an independent psychiatric evaluation to determine appellant's likelihood to re-offend.
Appellant's First Assignment of Error is overruled.
 II
In his Second Assignment of Error, appellant maintains the trial court erred when it classified him a sexual predator because the evidence was insufficient to prove, by clear and convincing evidence, that he was likely to engage in the future in one or more sexually oriented offenses. We disagree.
In State v. Cook (1998), 83 Ohio St.3d 404, the Ohio Supreme Court determined that R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review appellant's Fourth Assignment of Error under the standard of review contained in C.E. Morris Co. v. FoleyConstr. (1978), 54 Ohio St.2d 279. Under this standard, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. Id. at syllabus.
Also, the clear and convincing evidence standard of proof is defined as "* * * that measure or degree of proof which is more than a mere preponderance of the evidence, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus.
R.C. 2950.01(E) defines "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(2) sets forth the relevant factors a trial court is to consider in making its determination:
 (2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
In classifying appellant a sexual predator, the trial court considered the above factors and made the following conclusions on the record. First, the trial court noted appellant's age at the time of the two offenses was twenty-two and twenty-three years old. Tr. Apr. 25, 2001, at 37. Appellant had no prior criminal record. Id. The court noted that one of the victims was seventeen years old and the age of the other victim was unknown. Id. Multiple victims were involved because appellant committed two separate rapes. Id. at 38. The trial court found the use of drugs involved in this case and stated on the record:
 He claims to have been under the influence of those things himself. And in the Emrath case, apparently she was just drinking, according to the recitation of facts of the police officer, which was not denied. In the Cox case, he used the inducement of coming to get drugs as an inducement to get her to his house, according to the recitation of facts. So that is somewhat involved in these cases. Id. at 38-39.
The trial court noted that appellant participated in the SORRC program, for sex offenders, and that he did complete the program. Id. at 39. The trial court also noted the fact that appellant refused to participate in the available residential sex offender program even though he had sent a letter to the court requesting to do so. Id. at 39-40. The trial court found no evidence of mental illness or disability. Id. at 40. The appellant's sexual conduct involved in the underlying offenses did demonstrate a pattern of abuse. Id. The trial court further found appellant's sexual conduct cruel in that it involved a forcible sex act and there was violence toward the victims. Id.
After reviewing the factors contained in R.C. 2950.09(B)(2) and the facts of this case, the trial court found the most important factor of all was the nature of appellant's sexual activity with the victims in that the conduct involved cruelty and a pattern of abuse. Id. at 41. Appellant argues, relying on the Eppinger case, that the trial court's finding that the most important factor was the nature of appellant's sexual activity was insufficient to show that appellant was likely to re-offend. In Eppinger, the Ohio Supreme Court held that the trial court's "recollection" that the defendant's crime was "heinous" was simply insufficient to show that the defendant was likely to commit another sexually oriented offense. Eppinger, supra, at 165.
In the case sub judice, the trial court did not solely rely upon the nature of appellant's sexual activity to support its conclusion that appellant is a sexual predator. The trial court also discussed the facts of this case and how they applied to each factor listed in R.C.2950.09(B)(2). The trial court's conclusion was not based solely upon the fact that appellant's conduct toward the victims was cruel and involved a pattern of abuse. Therefore, we conclude the trial court's decision finding appellant to be a sexual predator is supported by clear and convincing evidence.
Appellant's Second Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
Pursuant to App.R. 24(A)(2), appellant shall pay costs in this matter.
Hon. William B. Hoffman, P. J. Hon. John W. Wise, J. Hon. John F. Boggins, J. concur.
[1] Case No. 96-CR-556D
[2] Case No. 96-CR-409D